IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
MAY 0 3 2007
5-3-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Daniel D. Majesky, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 07CV2461 |
| ) | JUDGE LINDBERG |
| Weltman, Weinberg & Reis Co., ) | MAGISTRATE JUDGE SCHENKIER |
| L.P.A., an Ohio corporation, and ) | |
| LVNV Funding, LLC, a Delaware ) | |
| limited liability company, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Daniel D. Majesky, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendants' debt collection practices violate the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

3. Plaintiff, Daniel D. Majesky ("Majesky"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt for an MBNA credit card account that is now allegedly owed to LVNV Funding, LLC.

4. Defendant, Weltman, Weinberg & Reis Co., L.P.A., ("WWR"), is an Ohio corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, WWR was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, LVNV Funding, LLC, ("LVNV"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, LVNV was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant LVNV is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debt it then aggressively attempts to collect via its collection lawyers like Defendant WWR.

## FACTUAL ALLEGATIONS

7. On April 2, 2004, Mr. Majesky filed a voluntary Chapter 13 bankruptcy petition in a matter styled In re: Majesky, N.D. Ill. Bankr. No. 04-13012. Mr. Majesky was unable to continue to make the payments required by his Chapter 13 bankruptcy plan and, therefore, on April 27, 2005, Mr. Majesky's bankruptcy was dismissed.

8. After Mr. Majesky's bankruptcy was dismissed, he sold is house in order to pay off the various debts that he owed. Accordingly, on August 17, 2005, Mr.

2

Majesky paid a prior debt collector, NCO Financial Systems, $3,999.10, to settle in full his MBNA account. A copy of Mr. Majesky's check, paying this debt off, is attached as Exhibit A.

9. Despite the debt having been paid, Defendants sent Mr. Majesky an initial collection letter, dated December 4, 2006, demanding payment of the debt which was now allegedly owed to Defendant LVNV. A copy of this letter is attached as Exhibit B.

10. Accordingly, on or about December 15, 2006, Mr. Majesky called Defendant WWR and told it that he did not owe the debt because he had paid off all of his debts during August, 2005. Moreover, Mr. Majesky mailed and faxed to Defendants proof of his payment.

11. Nonetheless, Defendants sent Mr. Majesky two more collection letters, dated January 6, 2007 and January 31, 2007, demanding payment of the debt. Copies of these letters are attached as Exhibits C and D, respectively.

12. All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

13. Defendants' collection actions are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692g Of The FDCPA –
### Demanding Payment Of A Disputed Debt And Failing To
### Provide Validation Of The Debt

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, an effective validation notice must be provided, i.e.,

notice that the consumer has 30 days to challenge the validity of the debt and seek verification of it. See, 15 U.S.C. § 1692g. Moreover, § 1692g(b) of the FDCPA provides that if a debt is disputed within the 30-day validation period, then the debt collector must cease all collection action until it provides verification of the debt. See, 15 U.S.C. § 1692g(b).

16. Defendants violated these provisions by ignoring the dispute Mr. Majesky made to the Defendants, failing to provide verification of the debt, and, instead, continuing to demand payment of the debt.

17. Defendants' violations of § 1692g of the FDCPA render them liable for actual and statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692e And § 1692f Of The FDCPA -- Attempting To Collect Which Has Been Paid Off And Which Has Been Disputed

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. See, 15 U.S.C. § 1692f.

20. Attempting to collect a debt that is no longer owed, because it was paid off, and attempting to collect a debt that has been disputed, are both false, deceptive or

4

misleading, and unfair or unconscionable, in violation of § 1692e and § 1692f of the FDCPA.

21. Defendants' violations of § 1692e and § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Daniel D. Majesky, prays that this Court:

1. Declare that Defendants' debt collection practices violated the FDCPA;

2. Enter judgment in favor of Daniel D. Majesky, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Daniel D. Majesky, demands trial by jury.

Daniel D. Majesky,

By: _____
One of Plaintiff's Attorneys

Dated: May 3, 2007

David J. Philipps
Mary E. Philipps
Bonnie C. Dragotto
Gomolinski & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)

5



**STANDARD BANK** AND TRUST CO.

09/19/06

Account: 
Name: DANIEL D MAJESKY
Address: 

The image shown below represents an official copy of the original document as processed by our institution



DAN D. MAJESKY  05-00
, IL
DATE 8-12-05
PAY TO THE ORDER OF nCO Financial Systems  $ 3,999 10/100
Three Thousand Nine hundred ninty nine dollar 10/100 DOLLARS
STANDARD BANK
MEMO
Dan D Majesky

08/25/05    3999.10



```
for deposit only absence of payees endorsemen
guaranteed by nco financial systems, inc
atty network trust acct
date    08-22-05       (I) bo
```

08/24/05    WACHOVIA NA SK752 2278T
PHILA, PA 08232005  18PK



EXHIBIT 4

LAW OFFICES OF
WELTMAN, WEINBERG & REIS CO., L.P.A.
323 W. Lakeside Ave. Ste. 200
Cleveland, OH 44113-1099
(216) 739-5752     (800) 392-1887
Mon-Thurs 8am-9pm, Fri 8am-5pm, & Sat 8am-12pm EST

December 4, 2006

DAN D MAJESKY

IL

LVNV FUNDING LLC
Account No
Balance Due as of December 4, 2006: $7,035.72

Dear DAN D MAJESKY:

Please be advised that this law firm has been retained to collect the outstanding balance due and owing on this account. As of the date of this letter you owe the amount listed above. Therefore, it is important that you contact our office to discuss an appropriate resolution for this matter.

This law firm is a debt collector attempting to collect this debt for our client and any information obtained will be used for that purpose. Unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days of receipt of this letter, we will assume that the debt is valid. If you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt and mail you a copy. If you request in writing within the thirty (30) day period, we will provide you with the name and address of the original creditor if different from the current creditor.

Thank you for your attention to this matter.

Sincerely,

Weltman, Weinberg & Reis Co., L.P.A.



EXHIBIT B

## LAW OFFICES OF WELTMAN, WEINBERG & REIS CO., L.P.A.

**\*\*TAKE ADVANTAGE OF THIS SAVINGS OPPORTUNITY DURING THIS TAX SEASON\*\***

Creditor: LVNV FUNDING LLC
Account No.: ▉▉▉▉
WWR File No.: ▉▉▉▉
Balance Due: $7,065.13

**Amount Enclosed:** $_____

DAN D MAJESKY
▉▉▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉▉, IL ▉▉▉▉

323 W. Lakeside Ave. Ste. 200
Cleveland, OH 44113-1099

*LAW OFFICES OF*
*WELTMAN, WEINBERG & REIS CO., L.P.A.*
323 W. Lakeside Ave. Ste. 200
Cleveland, OH 44113-1099
(216) 739-5752  (800) 392-1887
Mon-Thurs 8am-9pm, Fri 8am-5pm, & Sat 8am-12pm EST

January 6, 2007

Dear DAN D MAJESKY:

As you are aware, this law firm represents LVNV FUNDING LLC on the above referenced matter. Perhaps you already spoke to a collection representative who explained the seriousness of the matter, or maybe you have not yet called us to discuss payment options. In any event, it is our client's desire to resolve this matter timely and amicably without further collection efforts.

**During this tax season, we invite you to call us toll free at 1-800-392-1887 to discuss utilizing your income tax refund as a source of funds to satisfy this obligation for a reduced amount.** We would like to offer you an opportunity to take advantage of the substantial savings available by speaking with a collection representative from our office.

Thank you for your anticipated willingness to resolve this matter. This law firm is a debt collector attempting to collect this debt for our client and any information obtained will be used for that purpose.

Sincerely,

Weltman, Weinberg & Reis Co., L.P.A.

Letter=369, History ID=4890857



EXHIBIT
C

FEB-20-2007(TUE) 14:01                                        P 005
02/20/2007  13:22                                             PAGE  05

                        LAW OFFICES OF
                WELTMAN, WEINBERG & REIS CO., L.P.A.
                    323 W. Lakeside Ave. Ste. 200
                       Cleveland, OH 44113-1099
                    (216) 739-5752    (800) 392 1887
              Mon-Thurs 8am-9pm, Fri 8am-5pm, & Sat 8am-12pm EST


January 31, 2007

DAN D MAJESKY

          , IL


LVNV FUNDING LLC
Account No.
Balance Due:  $7,087.41

Dear Sir/Madam:

Please be advised that our client has authorized us to accept 60% of the
total balance due as settlement of this claim. It is important that you
contact our office to discuss the amount necessary to settle this account.

This law firm is a debt collector attempting to collect this debt
for our client and any information obtained will be used for that
purpose.

Thank you for your attention and cooperation in this matter. Should
you have any questions, please feel free to contact us.

                                   Sincerely,

                                   Weltman, Weinberg & Reis Co., L.P.A.



EXHIBIT
D